26-MJ-5077-JGD

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT

I, ATF Special Agent Christopher J. Kefalas, being duly sworn, state:

### INTRODUCTION

1. I am employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since 2015. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and the Special Agent Basic Training at the ATF National Academy, both in Glynco, Georgia. I received a master's degree in Criminal Justice from Northeastern University in 2014 and a bachelor's degree in Criminology from Stonehill College in 2012. I am responsible for the investigation of violations of and the enforcement of federal firearms laws. I am presently assigned to the ATF Massachusetts Homeland Security Task Force, where I am one of a group of Special Agents who work with state and local law enforcement to uncover violations of laws specifically related to firearms trafficking, firearms possession by prohibited persons, and use of firearms in furtherance of drug trafficking crimes, in Massachusetts.

2. During my tenure with ATF, I have participated in hundreds of investigations and have had training in various aspects of firearms investigations. I have conducted surveillance, worked with confidential informants, and participated in investigations using court-authorized interception of wire and electronic communications. During my law enforcement career, I have also participated in the preparation and execution of arrest warrants and search warrants.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, task force officers, and local police officers. This affidavit is submitted in support of a criminal complaint charging Michael KENNEDY with being a felon in possession of ammunition, in violation of Title 18, United States

Code, Section 922(g)(1). This affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint. In submitting this affidavit, I have not included each and every fact known to me and other law enforcement officers concerning this investigation. Instead, it only contains facts sufficient to establish probable cause in support of a criminal complaint.

## PROBABLE CAUSE

4. Pursuant to an investigation into Michael KENNEDY (YOB 1977), ATF determined that KENNEDY had been ordering online, and having shipped to his residence, firearms parts, including parts utilized to complete and/or manufacture M-16 type and AR-15 type rifles.

5. On March 5, 2026, ATF executed a federal search warrant at KENNEDY's residence in Mansfield, MA for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 922(g)(1). The affidavit in support of the search warrant is attached as Sealed Exhibit 1 and incorporated by reference.

6. During the execution of the search warrant, law enforcement encountered KENNEDY and an adult female (YOB 1953) ("Person 1") inside the residence. The residence is a one-bedroom apartment with a living room. The door to the residence opens directly into the living room. KENNEDY and Person 1 sleep in separate areas of the residence. I understand KENNEDY sleeps in a reclining chair in the living room. I also observed blankets covering the reclining chair. Person 1 sleeps in the bedroom.

7. Tucked into the arm of the reclining chair where KENNEDY sleeps, agents found a privately made firearm ("PMF"), which was a 5.7 pistol. An initial field test was conducted of the 5.7 pistol without ammunition. During the field test, the pistol appeared to have the capability

to fire multiple rounds with the single pull of a trigger. Further testing will be conducted to determine the pistol's functionality as a machine gun. The pistol was loaded with 22 rounds of FN 5.7 x 28mm ammunition including one round in the chamber of the firearm.

8. Approximately five feet from the reclining chair, agents found a backpack. In the backpack was paperwork in Person 1 and KENNEDY's names. The paperwork in KENNEDY's name included paperwork from the Massachusetts Department of Transitional Assistance and correspondence from a credit card company. The backpack also contained additional FN 5.7 x 28mm ammunition.

9. In the kitchen, agents found a small firearms storage box containing a PMF frame and CBC and JAG 9mm ammunition.

10. Underneath the bed in the bedroom area, agents found a long rifle case containing additional FN 5.7 x 28mm ammunition and a combination of different PMF frames.

11. Agents also found a 3D printer in the bedroom area of the residence. Based on an initial inspection of the PMFs found in KENNEDY's residence, it is likely they were assembled using parts printed from the 3D printer.

12. KENNEDY was advised of his *Miranda* rights while at his residence and initially declined to speak with law enforcement. He was subsequently transported to the Mansfield Police Department and provided his *Miranda* rights again. At that time, KENNEDY waived his rights by signing a waiver of rights form and agreed to speak with law enforcement. He stated he had previously fired the 5.7 pistol recovered from the recliner. He also stated that Person 1 is not involved in firearms and/or firearms manufacturing conducted at the residence.

13. I have reviewed KENNEDY's criminal record and know that in 2009, he was convicted of bank robbery in the District of Massachusetts, Docket No. 07-CR-10290, and was

sentenced to 96 months in federal prison. Additionally, in 2013, KENNEDY was convicted of armed robbery in Norfolk Superior Court, Docket No. 1382CR0114, and was sentenced to one year to one year and one day. In 2016, KENNEDY was convicted of witness intimidation in Norfolk Superior Court, Docket Nos. 1682CR0084 and 1682CR0303, and was sentenced in each case to two years to two years and one day in state prison. In 2021, KENNEDY was convicted of being a felon in possession of ammunition in the District of Massachusetts, Docket No. 20-CR-10010, and was sentenced to 56 months in prison. KENNEDY is presently on supervised release in that matter. Because of these convictions, KENNEDY is not legally able to own or possess firearms or ammunition. KENNEDY does not possess a License to Carry or Firearms Identification Card in the state of Massachusetts and is not a licensed firearm manufacturer.

14. The ammunition recovered from KENNEDY's residence was manufactured outside of Massachusetts. No commercially available ammunition is manufactured in Massachusetts.

*(Space Intentionally Left Blank)*

## CONCLUSION

15.    Based on all of the foregoing, I submit that there is probable cause to believe that on or about March 5, 2026, KENNEDY, knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, ammunition, that is: ammunition varying in calibers: CBC 9mm ammunition, JAG 9mm ammunition, and FN 5.7 x 28mm ammunition.

Respectfully submitted,

*Christopher Kefalas*
_____
Christopher Kefalas, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn via telephone in accordance with Fed. R. Crim. P. 4.1 on March 5, 2026

*Judith G. Dein*
_____
HONORABLE JUDITH G. DEIN
UNITED STATES MAGISTRATE JUDGE